IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PREMOUS CLINTON, | : | 1:11-cv-2200 |
| | : | |
| Plaintiff, | : | |
| | : | Hon. John E. Jones III |
| v. | : | |
| | : | Hon. Martin C. Carlson |
| CAMP HILL PRISON, *et al.*, | : | |
| | : | |
| Defendants. | : | |

## MEMORANDUM

## February 1, 2011

## THE BACKGROUND OF THIS MEMORANDUM IS AS FOLLOWS:

This matter is before the Court on the Report and Recommendation ("R&R") of Magistrate Judge Martin C. Carlson (Doc. 9), filed on January 11, 2012, which recommends that this action be dismissed without prejudice to the Plaintiff to correct the defects in the complaint by filing an amended complaint within twenty days of the dismissal of the case. Plaintiff has not filed objections to the R&R and the time to do so has lapsed.[1]   For the reasons set forth below, the Court will adopt the R&R.

_____

[1] Objections were due by January 30, 2012.

1

## I.   STANDARD OF REVIEW

When, as here, no objections are made to a magistrate judge's report and recommendation, the district court is not statutorily required to review the report before accepting it. *Thomas v. Arn*, 474 U.S. 140, 149 (1985).  According to the Third Circuit, however, "the better practice is to afford some level of review to dispositive legal issues raised by the report." *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987).  "[T]he court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  Fed. R. Civ. P. 72(b), advisory committee notes; *see also Henderson*, 812 F.2d at 878-79 (stating "the failure of a party to object to a magistrate's legal conclusions may result in the loss of the right to de novo review in the district court"); *Tice v. Wilson*, 425 F. Supp. 2d 676, 680 (W.D. Pa. 2006); *Cruz v. Chater,* 990 F. Supp. 375-78 (M.D. Pa. 1998); *Oldrati v. Apfel,* 33 F. Supp. 2d 397, 399 (E.D. Pa. 1998).  The Court's examination of this case confirms the Magistrate Judge's determinations.

## II.   DISCUSSION

*Pro se* Plaintiff Premous Clinton ("Plaintiff" or "Clinton"), a state prisoner, filed this action on November 28, 2011 against twelve institutional and individual Defendants including the Commonwealth of Pennsylvania, the Camp Hill Prison, and nine officials at the State Correctional Institution at Camp Hill.   Along with his

complaint, Clinton filed a motion for leave to proceed *in forma pauperis*.  (Doc. 5).

Within the R&R Magistrate Judge Carlson screened the complaint pursuant to 28

U.S.C. § 1915A, and determined that Clinton's complaint fails to state a claim upon

which relief can be granted.

In the main, Clinton's complaint is essentially a comparison of the inmate

amenities offered at Camp Hill Prison and York County Prison, where Clinton is

now apparently incarcerated.[2]  Clinton complains about frivolous matters such as

"sky high" commissary costs, the lack of cable TV in his cell, but also raises issues

of potentially greater gravity, including access to religious services and materials.

However, as noted by Magistrate Judge Carlson, these allegations are simply made

through formulaic recitals by Clinton without any supporting facts or allegations of

personal involvement by any of the named Defendants.  Based on the applicable

pleading standards, formulaic recitations without any factual allegations are

insufficient to state a claim for relief.  *See Fowler v. UPMC Shadyside*, 578 F. 3d

203, 209-210 (3d Cir. 2009).  Further, all of Clinton's allegations pertain to *York

County Prison*, making it even more curious that all of the named Defendants, with

the exception of the York County Prison Warden, are officials at *Camp Hill Prison.*

---

[2] As noted by Magistrate Judge Carlson, the comparison "illustrates that, in Clinton's view, York County Prison is a less commodious institution."  (Doc. 9, p. 2).

However, in the interest of justice and fairness to *pro se* litigants, Magistrate Judge Carlson recommends, consistent with the precedent of *Alston v. Parker*, 363 F. 3d 229 (3d Cir. 2004), that the Plaintiff be given an opportunity to correct the deficiencies in his complaint by dismissing the deficient complaint at this time without prejudice to one final effort by Clinton to comply with the rules governing civil actions in federal court, by filing an amended complaint containing any timely and proper claims which he may have.  We specifically advise Plaintiff to *carefully* review pages 8 to 15 of the Magistrate Judge's R&R, wherein the Magistrate Judge describes the deficiencies in Plaintiff's complaint in detail.  (Doc. 9).  Notably, Plaintiff's claims as lodged against the State or the State Prison are barred by Eleventh Amendment immunity (Doc. 9, p. 8) and thus should be omitted from any amended pleading.  Further, Clinton must allege personal involvement of specific defendants in order to properly state a civil rights claim against them, which he has not done in the original complaint. (Doc. 9, pp. 9-12).  Finally, we caution Clinton to examine the nature of his complaints, and not to include frivolous allegations that do not rise to the level of an infringement of his constitutional rights.  (Doc. 9, p. 12).

As we have already mentioned, the Plaintiff has not filed objections to this R&R.  Because we agree with the sound reasoning that led the Magistrate Judge to

the conclusions in the R&R, we will adopt the R&R in its entirety.  With a mind

towards conserving judicial resources, we will not rehash the reasoning of the

Magistrate Judge; rather, we will attach a copy of the R&R to this document, as it

accurately reflects our consideration and resolution of the case *sub judice*.  An

appropriate Order shall issue.