IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PREMOUS CLINTON, | : | 1:11-cv-2200 |
| | : | |
| Plaintiff, | : | |
| | : | Hon. John E. Jones III |
| v. | : | |
| | : | Hon. J. Martin C. Carlson |
| MARY SABOL, et al., | : | |
| | : | |
| Defendants. | : | |

## **MEMORANDUM**

### February 26, 2013

**THE BACKGROUND OF THIS MEMORANDUM IS AS FOLLOWS:**

Before the Court is the Report and Recommendation ("R&R") of Magistrate Judge Martin C. Carlson (Doc. 26) filed on February 4, 2013 recommending that Defendants' motion for summary judgment (doc. 21) be granted and that this case be closed. Objections to the R&R were due by February 22, 2013, and to date none have been filed. Accordingly, this matter is ripe for our review. For the reasons that follow, we shall adopt the R&R in its entirety, grant the motion and close this case.

**I.      STANDARD OF REVIEW**

When, as here, no objections are made to a magistrate judge's report and recommendation, the district court is not statutorily required to review the report before accepting it. *Thomas v. Arn*, 474 U.S. 140, 149 (1985). According to the Third Circuit, however, "the better practice is to afford some level of review to dispositive legal issues raised by the report." *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987). "[T]he court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee notes; *see also Henderson*, 812 F.2d at 878-79 (stating "the failure of a party to object to a magistrate's legal conclusions may result in the loss of the right to de novo review in the district court"); *Tice v. Wilson*, 425 F. Supp. 2d 676, 680 (W.D. Pa. 2006); *Cruz v. Chater,* 990 F. Supp. 375-78 (M.D. Pa. 1998); *Oldrati v. Apfel,* 33 F. Supp. 2d 397, 399 (E.D. Pa. 1998). The Court's examination of this case confirms the Magistrate Judge's determinations.

## II.  DISCUSSION

At issue in the instant R&R is Defendants' unopposed Motion for Summary Judgment ("The Motion"). In the motion, Defendants contend that they are entitled to summary judgment based on Plaintiff's failure to exhaust available administrative remedies prior to filing this federal action. We agree with

Magistrate Judge Carlson that the Motion for Summary Judgment should be granted for the reasons that follow.

Premous Clinton ("Plaintiff") is a prisoner of the Commonwealth of Pennsylvania. The claims at issue concern certain procedures implemented at the York County Prison. Since this claim has been filed, Plaintiff has been transferred to the state correctional facility at Camp Hill. Plaintiff's claims concern religious practices while incarcerated at York County Prison, specifically the availability of weekly services and the prohibition of "privacy curtains" while using the commode.

Under the Prison Litigation Reform Act, a prisoner cannot bring an action regarding prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). As demonstrated by Defendants in their submission, Plaintiff has failed to exhaust the available administrative remedies available to him with respect to the claims asserted sub judice. The lack of exhaustion weighs in favor of granting the Motion. Moreover, Plaintiff has also failed to respond, in any fashion, to Defendants' Motion which is a violation of Local Rule 7.6. The failure to respond to this Motion, along with previous failures to comply with court orders, demonstrate Plaintiff's failure to prosecute the action, militating in favor of dismissal pursuant to Fed. R. Civ. P. Rule 41(b).

As we have already mentioned, the Petitioner has not filed objections to this R&R. Because we agree with the sound reasoning that led the Magistrate Judge to the conclusions in the R&R, we will adopt the R&R in its entirety. With a mind towards conserving judicial resources, we will not rehash the reasoning of the Magistrate Judge; rather, we will attach a copy of the R&R to this document, as it accurately reflects our consideration and resolution of the case *sub judice*. An appropriate Order shall issue.